Mr. Andrew J. Salzman Zimmet, Unice, Salzman Heyman, P.A. Post Office Box 15309 Clearwater, Florida 33766
Dear Mr. Salzman:
As general counsel for the East Lake Tarpon Special Fire Control District, you have requested my opinion on substantially the following question:
 Is the East Lake Tarpon Special Fire Control District authorized to impose impact fees?
The East Lake Tarpon Special Fire Control District (the district) was created by special act[1] in Pinellas County for the purpose of providing fire prevention services pursuant to chapter 191, Florida Statutes.[2] The district is authorized to levy ad valorem taxes on property located within its boundaries, to issue bonds, and to utilize other revenue-raising methods for purposes of the district.[3]
The Legislature enacted Chapter 191, Florida Statutes,[4] the "Independent Special Fire Control District Act,"[5] to provide standards, direction, and procedures relating to the operations and governance of independent special fire control districts as well as greater uniformity in the financing authority of such districts.[6] As defined in section 191.003(5), Florida Statutes, the term "Independent special fire control district" is:
 "an independent special district as defined in s. 189.403, created by special law or general law of local application, providing fire suppression and related activities within the jurisdictional boundaries of the district. The term does not include a municipality, a county, a dependent special district as defined in s. 189.403, a district providing primarily emergency medical services, a community development district established under chapter 190, or any other multiple-power district performing fire suppression and related services in addition to other services."
Each district is required to comply with the act regardless of other more specific provisions of any special act or general law of local application creating the charter of the district. As the act specifically states:
 "It is the intent of the Legislature that the provisions of this act supersede all special act or general law of local application provisions which contain the charter of an independent special fire control district and which address the same subjects as this act, except as such acts or laws address district boundaries and geographical subdistricts for the election of members of the governing board. However, this act does not require any modification to district financing or operations which would impair existing contracts, including collective bargaining agreements, debt obligations, or covenants and agreements relating to bonds validated or issued by the district. Further, this act does not repeal any authorization within a special act or general law of local application providing for the levy and assessment of ad valorem taxes, special assessments, non-ad valorem assessments, impact fees, or other fees or charges by a district."[7]
As section 191.006(11), Florida Statutes, provides, the district shall have, and the board may exercise by majority vote, the power:
 "To charge user and impact fees authorized by resolution of the board, in amounts necessary to conduct district activities and services, and to enforce their receipt and collection in the manner prescribed by resolution and authorized by law. However, the imposition of impact fees may only be authorized as provided by s. 191.009(4)." (e.s.)
Thus, while section 191.006(11), Florida Statutes, provides for the district's authority to charge user and impact fees, it restricts the imposition of impact fees by the district to that authorized in section191.009(4), Florida Statutes.
With regard to impact fees, section 191.009(4), Florida Statutes, states:
 "If the general purpose local government has not adopted an impact fee for fire services which is distributed to the district for construction within its jurisdictional boundaries, and the Legislature has authorized independent special fire control districts to impose impact fees by special act or general law other than this act, the board may establish a schedule of impact fees in compliance with any standards set by general law for new construction to pay for the cost of new facilities and equipment, the need for which is in whole or in part the result of new construction. The impact fees collected by the district under this subsection shall be kept separate from other revenues of the district and must be used exclusively to acquire, purchase, or construct new facilities or portions thereof needed to provide fire protection and emergency services to new construction. As used in this subsection, "new facilities" means land, buildings, and capital equipment, including, but not limited to, fire and emergency vehicles, radiotelemetry equipment, and other firefighting or rescue equipment. The board shall maintain adequate records to ensure that impact fees are expended only for permissible new facilities or equipment. The board may enter into agreements with general purpose local governments to share in the revenues from fire protection impact fees imposed by such governments." (e.s.)
As provided in these statutes, a fire control district's authority to impose impact fees is conditioned on two factors: 1) the general purpose local government has not adopted an impact fee that is distributed to the district; and 2) the Legislature has authorized the independent fire control district to impose impact fees by special act or general law other then Chapter 191, Florida Statutes.[8]
Chapter 2000-477, Laws of Florida, refers to impact fees in several places. The title to the bill states that it is "[a]n act . . . providing for the levy of ad valorem taxes, non-ad valorem assessments, user charges, and impact fees;" and section 8 of Chapter 2000-477 refers, in its heading, to "taxes; non-ad valorem assessments; impact fees; user charges; bond issuance" in delineating the power of the district regarding such revenue raising methods. However, the mere mention of "impact fees" in the act does not provide the substantive authority to the district to levy and collect such fees in the absence of some clear legislative direction to that effect, and no such grant of legislative authority is evident in Chapter 2000-477. Rather, the use of this terminology appears to merely reflect the use of these terms in the section heading for section 191.009, Florida Statutes: "Taxes; non-ad valorem assessments; impact fees and user charges."[9]
No provision to which you have directed my attention or of which I am aware in either the enabling legislation for the district or general law other than Chapter 191, Florida Statutes, would authorize the East Lake Tarpon Special Fire Control District to impose impact fees.
Therefore, it is my opinion that the East Lake Tarpon Special Fire Control District is not authorized to levy and collect impact fees.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Chapter 2000-477, Laws of Fla.
[2] Section 3, supra.
[3] Section 8(1), supra.
[4] Chapter 97-256, Laws of Fla.
[5] See s. 191.001, Fla. Stat., for the title of the act.
[6] Section 191.002, Fla. Stat.
[7] Section 191.004, Fla. Stat.
[8] See Op. Att'y Gen. Fla. 01-02 (2001) discussing the legislative history surrounding the enactment of the Independent Special Fire Control District Act which supports this analysis.
[9] Section 9, Chap. 97-256, Laws of Fla.